**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

|   |   |   |
|---|---|---|
| JENAY CRAIG, et al., | ) | |
| Plaintiffs, | ) | |
| vs. | ) | 1:06-cv-954-SEB-JMS |
| PEPPERIDGE FARM, INC. | ) | |
| Defendant. | ) | |

**ENTRY DENYING MOTION FOR INJUNCTIVE RELIEF**

Plaintiff Dennis McGuire ("McGuire") has filed a motion for injunctive relief (dkt 222) pursuant to *Federal Rule of Civil Procedure* 65(b).[1] The defendant, Pepperidge Farm, has responded and McGuire has replied.

McGuire's motion seeks to restrain Pepperidge Farm, its employees, agents, or any person acting at their direction from discussing the specifics of McGuire's business with other distributors and "to stop all harassment and threats toward plaintiff, in regards to his business." McGuire alleges that since he has filed a motion for summary judgment in this action Pepperidge Farm has threatened to remove his highest volume accounts from his distribution territory based on audits which misrepresent facts. McGuire believes that Pepperidge Farm is attempting to find a buyer for his territory, remove the most profitable stores from his route and require him to sell his distribution territory–all in an attempt to force him to withdraw from this lawsuit. Pepperidge Farm denies any wrongdoing and argues that injunctive relief would be improper under these circumstances.

The standard for ruling on a motion for injunctive relief was throughly discussed by the court during the December 5 and 6, 2006, preliminary injunction hearing in this action and need not be repeated in detail here. See Dkt. 70, Transcript Vol. II, pgs. 462-468. In summary, the Seventh Circuit has stated:

> To prevail on a motion for a preliminary injunction, the moving party must demonstrate (1) a likelihood of success on the merits; (2) a lack of an adequate remedy at law; and (3) an irreparable harm will result if the injunction is not granted.

---

[1] The court has interpreted McGuire's motion for temporary restraining order as a motion for preliminary injunction because he seeks relief "until this case is resolved," a period of time which could last more than 20 days. A temporary restraining order that remains in force longer than 20 days must be treated as a preliminary injunction, which allows an appeal under 28 U.S.C. § 1292(a)(1). *Commodity Futures Trading Com'n v. Lake Shore Asset Management Ltd.*, 496 F.3d 769, 771 (7th Cir. 2007).

*Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007) (quoting *Foodcomm Int'l. v. Barry*, 328 F.3d 300, 303 (7th Cir.2003) (citations omitted). If the moving party meets the first three requirements, then the district court balances the relative harms that could be caused to either party. *Id.* (citing *Incredible Tech., Inc. v. Virtual Tech., Inc.*, 400 F.3d 1007, 1011 (7th Cir. 2005)).

McGuire's motion for injunctive relief must be denied because, even if his allegations are true and his evidence is accepted, he has an adequate remedy at law. The contract or "consignment agreement" between the parties provides for the orderly dissolution of their relationship. (See Consignment Agreement, Def. Resp. at Tab 792.) McGuire does not dispute that the consignment agreement provides for a remedy in damages if he is terminated in whole or in part without cause. The Consignment Agreement also provides for an arbitration panel to decide what his compensation should be in the event McGuire would disagree with Pepperidge Farm's calculation of 125% of the fair market value of what was terminated. If Pepperidge Farm were to terminate McGuire for cause, and if McGuire were to challenge that termination, a court could decide that it was without cause. But then McGuire's remedy would be to receive compensation at 125% of fair market value and proceed to arbitration over any dispute concerning the amount. The Seventh Circuit has found that an adequate remedy at law exists where the parties agreed that monetary relief in arbitration would be the only remedy for a breach of contract. *See Kowalski v. Chicago Tribune Co.,* 854 F.2d 168, 171 (7th Cir. 1988).

The only rationale offered for the relief requested at this point is the economic or monetary damage plaintiff McGuire expects to suffer based on his contractual relationship with Pepperidge Farm. This loss is fully measurable and McGuire's legal remedy appears completely adequate to provide him with a remedy for this loss. It has been stated that the irreparable harm requirement is "the single most important prerequisite for the issuance of a preliminary injunction." *Rodriguez v. DeBuono,* 175 F.3d 227, 234 (2d Cir. 1999) (*per curiam*) (internal quotation marks omitted). Economic loss does not constitute irreparable harm. *Sampson v. Murray,* 415 U.S. 61, 90 (1974) (citing *Virginia Petroleum Jobbers Ass'n v. FPC,* 259 F.2d 921, 925 (D.C.Cir. 1958)).

A prerequisite to a preliminary injunction, as to other forms of equitable relief, is a showing that the plaintiff's remedy at law is inadequate. *Kowalski*, 854 F.2d at 171. McGuire has not made that showing and therefore his motion for injunctive relief (dkt 222) must be **denied.**

**IT IS SO ORDERED.**

Date: 09/15/2008

*[signature: Sarah Evans Barker]*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Jason R. Delk
ICE MILLER LLP
jason.delk@icemiller.com

Susanne Noyes Geraghty
GOODWIN PROCTER LLP
sgeraghty@goodwinprocter.com

Forrest A. Hainline III
GOODWIN PROCTER LLP
fhainline@goodwinprocter.com

Elizabeth Frances Stone
Goodwin Procter LLP
estone@goodwinprocter.com

Philip A. Whistler
ICE MILLER LLP
philip.whistler@icemiller.com

Jenay Craig
725 E. Epler Avenue
Indianapolis, IN 46227

Dennis McGuire
6825 Farmleigh Drive
Indianapolis, IN 46220

Elizabeth McMillen
8589 Sunningdale Road
Indianapolis, IN 46234

Randy Patterson
2730 S. Pasadena Street
Indianapolis, IN 46203