## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JENAY CRAIG, et al., | ) |
| Plaintiffs, | ) |
| vs. | ) 1:06-cv-954-SEB-DML |
| PEPPERIDGE FARM, INC. | ) |
| Defendant. | ) |

## ENTRY CONCERNING SELECTED MATTERS

The claims asserted by plaintiff Elizabeth McMillen were resolved by voluntary dismissal (see dkts. 81, 177, 186, and 214) or through the Entry of Summary Judgment in favor of the defendant (dkt 248). Not satisfied with these results, Ms. McMillen has filed three motions in an attempt to have her side of the story heard once more.

### I.

Ms. McMillen filed a "motion for relief from entering a final judgment on Count V deception" pursuant to Rule 60 of the *Federal Rules of Civil Procedure*. The basis for this motion is that 1) Ms. McMillen's former attorney failed to inform the court that her claim for deception is governed by the UCC, 2) her situation is unique from the other plaintiffs, and 3) "[t]here are too many unanswered questions for this court to make a final judgment."

Vacating a judgment under Rule 60(b) is permissible for a variety of reasons including mistake, excusable neglect, newly discovered evidence, and fraud. See Fed. R. Civ. P. 60(b). The Seventh Circuit has long recognized that there is a strong judicial policy favoring finality of judgments. *See Metlyn Realty Corp. v. Esmark, Inc.*, 763 F.2d 826 (7th Cir. 1985). "Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." *Harringson v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006) (quoting *Karraker v. Rent-A-Center, Inc.*, 411 F.3d 831, 837 (7th Cir. 2005)). Such relief is warranted "only upon a showing of extraordinary circumstances that create substantial danger that the underlying judgment was unjust." *Margoles v. Johns*, 798 F.2d 1069, 1073 (7th Cir. 1986).There is no basis here for granting relief under any provision of Rule 60; in fact, final judgment has not yet been entered in this action. Accordingly, Ms. McMillen's Motion for Relief from Judgment (dkt 295) is **denied**.

## II.

Ms. McMillen's "motion to vacate and set aside stipulation to dismiss with prejudice" (dkt 298) and "motion for leave to file a response to defendant's renewed and revised motion for summary judgment" (dkt. 300) are **denied.** The basis for these motions is Ms. McMillen's belief that the "defendant continues to defend against and associate McMillen with the breach of contract and other issues in violation of the stipulation" and that it is only fair for her to have the opportunity to respond.

The court has reviewed the defendant's renewed motion for summary judgment and finds that it is not directed at Ms. McMillen or her dismissed claims. Rather, it is directed at pending claims brought by other plaintiffs. There is no legal basis for setting aside the stipulation of dismissal of Ms. McMillen's claims (see dkt 262, Entry Denying McMillen's Motion to Vacate). In addition, there is no reason for Ms. McMillen to respond to the defendant's motion for summary judgment as to claims not asserted by or against her.

**IT IS SO ORDERED.**

Date: 08/10/2010

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Susanne Noyes Geraghty
GOODWIN PROCTER LLP
sgeraghty@goodwinprocter.com

Forrest A. Hainline III
GOODWIN PROCTER LLP
fhainline@goodwinprocter.com

William M. Horne
HORNE LAW LLC
hornelaw@comcast.net

Philip A. Whistler
ICE MILLER LLP
philip.whistler@icemiller.com

ELIZABETH MCMILLEN
8589 Sunningdale Road
Indianapolis, IN 46234