UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JENAY CRAIG, <br> DENNIS MCGUIRE, and <br> RANDY PATTERSON, <br> <br> Plaintiffs, <br> <br> v. <br> <br> PEPPERIDGE FARM, INC., <br> <br> Defendant. | CASE NO. 1:06-cv-00954-SEB-DML |

# Order on Plaintiffs' Request for Leave to File Affidavit

This matter came before the court on the motion (Dkt. 379) by the plaintiffs to file an Affidavit of William Holden (Dkt. 379-1) as evidence to support the plaintiffs' separate motion for sanctions against defendant Pepperidge Farm, Inc. Mr. Holden was formerly employed by Pepperidge Farm and last worked for it in 2007. Pepperidge Farm opposes the plaintiffs' motion to file Mr. Holden's affidavit on the following grounds: (1) the affidavit is too late, (2) the affidavit was obtained in violation of the Rules of Professional Conduct by the plaintiffs' counsel, (3) the affidavit is not made on personal knowledge, and (4) the affidavit does not support the plaintiffs' request for sanctions. The court finds none of these arguments sufficiently persuasive to exclude the affidavit from consideration on the parties' briefing of the sanctions motion. The court therefore GRANTS the motion.

First, the plaintiffs have offered good cause for the timing of their request to file Mr. Holden's affidavit. The sanctions motion asks the court to sanction Pepperidge Farm for allegedly withholding information and misleading the plaintiffs regarding Pepperidge Farm's possession and knowledge of data reporting distributions of Pepperidge Farm's products to CVS

and Walgreen stores within the plaintiffs' territories. (*See* Dkt. 343). The plaintiffs contend that statements by Pepperidge Farm in its March 4, 2011 response to the plaintiffs' sanctions motion about whether and when it possessed this store-specific data prompted the plaintiffs to attempt to verify Pepperidge Farm's statements. Although Pepperidge Farm told the plaintiffs in a January 21, 2011 letter (*see* Dkt. 384-1 at pp. 1-2) that Mr. Holden had been Pepperidge Farm's account manager for CVS—and thus presumably the plaintiffs should have located Mr. Holden at that point—it was Pepperidge Farm's use of affidavits to support its position regarding the data that spurred the plaintiffs to locate and interview former Pepperidge Farm employees about the data. The plaintiffs assert that they located Mr. Holden after receiving Pepperidge Farms' March response and that he then provided his affidavit to the plaintiffs on May 16, 2011. Although the plaintiffs likely could have obtained the affidavit a little sooner, they did not unduly delay. Moreover, the court has not yet ruled on the sanctions motion and will not refuse to consider Mr. Holden's affidavit solely based on the timing of its filing.

Second, Pepperidge Farm's argument that the affidavit was obtained in violation of the Rules of Professional Conduct--because the plaintiffs' counsel contacted Mr. Holden without Pepperidge Farm's permission--is without merit.[1] Pepperidge Farm has not demonstrated that Mr. Holden had attorney-client privileged information at risk of disclosure in the course of Mr. Horne's communications with Mr. Holden. Mr. Holden's supposed interest in "maintaining a good relationship with Pepperidge Farm" is not one protected by the ethics rules governing a lawyer's contacts with witnesses, and is not an interest that should be at risk by a person's providing truthful information for use in a judicial proceeding. Finally, Indiana courts follow the

---

[1] This argument also undermines Pepperidge Farm's first argument that the plaintiffs should have acted much earlier to submit Mr. Holden's affidavit, because Pepperidge Farm contends that the plaintiffs' counsel should *never* have contacted Mr. Holden.

general rule permitting a litigant's counsel to have ex parte communications with former employees of an opposing corporate party. *See, e.g., EEOC v. Dana Corp.,* 202 F. Supp. 2d 827 (N.D. Ind. 2002); *P. T. Barnum's Nightclub v. Duhamell,* 766 N.E.2d 729, 737 (Ind. Ct. App. 2002). Although that general rule may not apply in certain circumstances, Pepperidge Farm has not advanced any cognizable basis here that would lead the court to find the contact improper.

Third, the court does not read Mr. Holden's affidavit as lacking a basis in his personal knowledge (although its lack of detail may go to credibility). The court finds it implicit in Mr. Holden's description of his job responsibilities—as the director of emerging channels for Pepperidge Farm in which he oversaw Pepperidge Farm's establishing national accounts with Walgreen Co. and CVS Pharmacy—that those responsibilities provided him personal knowledge of when (the month and year) Pepperidge Farm began regular distributions to Walgreen and CVS distribution centers (and for CVS, the month and year to the best of his recollection) and when Walgreen and CVS began supplying regular quarterly reports to Pepperidge Farm about store-specific distributions.[2] Mr. Holden's use of the term "best of my recollection" does not indicate a lack of personal knowledge, but rather Mr. Holden's qualification of his recollection of precise dates.

Finally, Pepperidge Farm's remaining arguments—that Mr. Holden's affidavit does not contradict Pepperidge Farm's prior statements about its possession of store-specific distribution data and that the data is unimportant to the case—go to the merits of the sanctions motion and will be considered by the court in that context.

---

[2] Further, the court notes that Pepperidge Farm's January 11, 2011 letter to the plaintiffs' counsel (Dkt. 384-1) stated that Mr. Holden had been "responsible for requesting and collecting distribution data for CVS."

**<u>Conclusion</u>**

For the foregoing reasons, the plaintiffs' motion (Dkt. 379) for leave to file the Affidavit of William Holden is GRANTED. The clerk is directed to docket the Affidavit (379-1).

So ORDERED.

Date: 06/10/2011

*Debra McVicker Lynch*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

Susanne Noyes Geraghty
GOODWIN PROCTER LLP
sgeraghty@goodwinprocter.com

Forrest A. Hainline III
GOODWIN PROCTER LLP
fhainline@goodwinprocter.com

William M. Horne
HORNE LAW LLC
hornelaw@comcast.net

Julianna Marie Plawecki
ICE MILLER LLP
julianna.plawecki@icemiller.com

Philip A. Whistler
ICE MILLER LLP
philip.whistler@icemiller.com