UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| Jenay Craig, Dennis McGuire, and Randy Patterson, | ) ) ) | |
| Plaintiffs, | ) ) | |
| | ) | 1:06-cv-0954-SEB-DML |
| vs. | ) ) | |
| Pepperidge Farm, Inc., | ) ) | |
| Defendant. | | |

## ORDER GRANTING IN PART AND DENYING
## IN PART DEFENDANT'S MOTION TO COMPEL ARBITRATION

This matter is before the Court on Defendant Pepperidge Farm, Inc.'s Motion to Compel Arbitration [Docket No. 387]. Also contained in Defendant's motion is a request that we dismiss the lawsuit currently pending. Plaintiffs oppose Defendant's motion in both regards. For the reasons detailed herein, Defendant's motion is <u>GRANTED IN PART AND DENIED IN PART.</u>

The parties agree that the remaining Plaintiffs in this case, Jenay Craig, Dennis McGuire, and Randy Patterson, have asserted two theories of damages: (1) that Pepperidge Farm failed to pay them certain commissions due under their consignment agreements (the "unpaid commissions theory"); and (2) that Pepperidge Farm removed certain stores from Plaintiffs' territories and, thus, Pepperidge Farm is obligated to pay Plaintiffs 125% of the fair market value of those stores pursuant to Paragraph 20 of the

Consignment Agreement (the "125% theory").[1]

Defendant's motion to compel arbitration is based upon the language of Paragraph 20 (upon which the 125% theory is based), which states as follows:

> If Pepperidge Farm "elects to purchase all or any portion of the Distributorship pursuant to this Paragraph, it will pay to Consignee a sum equal to (a) the fair market value of the Distributorship, or the portion thereof being purchased, . . . plus (b) 25% of such fair market value, to be determined either by agreement between [Pepperidge Farm] and Consignee or, if they shall be unable to agree, by three arbitrators, one of whom shall be chosen by [Pepperidge Farm] and one by Consignee and the third by the two first chosen. Each party to such arbitration shall pay all fees and expenses incurred by it in connection with such arbitration, including, without limitation, the fees and expenses of the arbitrator chosen by it; and the fees and expenses of the third arbitrator shall be shared equally by Consignee and [Pepperidge Farm]. The determination of fair market value by a majority of the three arbitrators shall be final and binding upon both [Pepperidge Farm] and Consignee for the purpose of this Paragraph."

Plaintiffs concede the existence of the arbitration clause and that it relates to their 125% damages theory but argue that Defendant has waived its right to compel arbitration because Defendant has filed its motion to do so on the eve of trial. While this is true, it is also the case that Plaintiffs' disclosure regarding their pursuit of damages pursuant to the 125% theory is also late-breaking. Therefore, we find that Defendant has not waived its right to compel arbitration pursuant to Paragraph 20.

However, while Paragraph 20 provides for arbitration of the determination of the

---

[1] Although Plaintiffs are not entitled to a double recovery, they are entitled to pursue either of these measures of the harm they claim has flowed from Pepperidge Farm's breach of the contractual relationship between the parties. In other words, contrary to Defendant's assertion, the election of remedies doctrine does not bar Plaintiffs' pursuit of both of their damages theories.

2

fair market value of stores removed from Plaintiffs' territories, the following issues remain within the Court's purview and will be resolved at trial, as previously scheduled: (1) the amounts of earned, but unpaid commissions due to each Plaintiff under the consignment agreements; and (2) the issue of which stores, if any, were removed from Plaintiffs' territories under Paragraph 20 of the consignment agreement for which Pepperidge Farm is required to pay Plaintiffs 125% of the fair market value. If the Court rules that certain stores were removed from Plaintiffs' territories under Paragraph 20 (per the above), the computation of a damages figure reflecting Plaintiffs' recovery entitlement(s) must be submitted to arbitration for a final determination.

      IT IS SO ORDERED.

Date: _____06/20/2011_____

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Kathleen Ann DeLaney
DELANEY & DELANEY LLC
kathleen@delaneylaw.net

Susanne Noyes Geraghty
GOODWIN PROCTER LLP
sgeraghty@goodwinprocter.com

Forrest A. Hainline III
GOODWIN PROCTER LLP
fhainline@goodwinprocter.com

William M. Horne
HORNE LAW LLC
hornelaw@comcast.net

Julianna Marie Plawecki
ICE MILLER LLP
julianna.plawecki@icemiller.com

Philip A. Whistler
ICE MILLER LLP
philip.whistler@icemiller.com